**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY JOHN VAUGHN, )<br>a/k/a Terry White, )<br>a/k/a Tone, )<br>a/k/a Booty Green, )<br>)<br>Defendant. ) | Case No. 00-CR-0126-006-CVE<br>[16-CV-0523-CVE-PJC] |

**OPINION AND ORDER**

Now before the Court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 1190). On August 8, 2016, the Court received a § 2255 motion from defendant and he alleges that he is entitled to relief under United States v. Johnson, 135 S. Ct. 2251 (2015). The Court ordered defendant to show cause that his § 2255 motion was timely, because his motion was filed more than one year after the Johnson decision was issued by the Supreme Court. Dkt. # 1193. Defendant has filed a response to the order to show cause and he argues that he presented his motion to prison officials for mailing on June 21, 2016, and he asks the Court to deem his motion filed on June 21, 2016. Dkt. # 1197.

On April 6, 2001, Timothy John Vaughn and others were charged in a superseding indictment with conspiracy to possess with intent to distribute and to distribute cocaine and marijuana (count one). Dkt. # 8. A second superseding indictment (Dkt. # 100) was returned adding allegations that the conspiracy involved possession with intent to distribute and the distribution of cocaine base (crack). The government filed an enhancement information (Dkt. # 443) stating that it intended to seek a statutory enhancement of defendant's sentence if he was convicted, and

defendant was on notice that he would receive a mandatory life sentence if convicted. Vaughn exercised his right to a jury trial and he was convicted. Dkt. ## 543, 546.

A presentence investigation report (PSR) was prepared and it noted that defendant had three prior convictions that qualified as crimes of violence or controlled substance offenses under United States Sentencing Guideline § 4B1.1. Two of the qualifying offenses were controlled substance offenses. Defendant's advisory guideline range was increased to 37 based on the career offender provision, but ultimately this had no effect on defendant's sentence. Defendant was subject to a mandatory life sentence because of the enhancement information filed by the government, even though his advisory guideline range was 360 months to life imprisonment. Defendant was sentenced to life imprisonment and defendant filed a notice of appeal challenging his conviction. On June 7, 2004, the Tenth Circuit Court of Appeals issued a decision denying defendant's appeal. Dkt. # 855. Defendant did not file a petition for writ of certiorari and his conviction became final on September 5, 2004.

On August 8, 2016, the Court received a § 2255 motion filed by defendant arguing that he is entitled to relief under the Supreme Court's decision in Johnson. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[1] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from

---

[1] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

2

the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review).

Prior to Johnson, the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA) defined the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that, --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2). The last section of this definition treating a prior conviction as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In Johnson, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2556-57.

Section 4B1.1 of the United States Sentencing Guidelines provides for a defendant to receive an enhanced sentence if he is found to be "career offender," and a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offence; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Section 4B1.2(a) defines "crime of violence" as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

>  (1) has an element the use, attempted use, or threatened use of physical force against the person of another or,
>
>  (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Defendant asserts that he is entitled to relief under Johnson and he was classified as a career offender, and he could be arguing that his sentence should be vacated if the definition of "crime of violence" stated in the United States Sentencing Guidelines is deemed unconstitutional in light of Johnson. Dkt. # 1190, at 4.

As an initial matter, the Court will consider the timeliness of defendant's motion. The Court received defendant's motion on August 8, 2016. Defendant's claim regarding the constitutionality of his sentence based on Johnson is subject to a one-year limitations period from the date that the Supreme Court recognized the right being asserted. Dodd, 545 U.S. at 359-60. As the Court has already explained, a § 2255 motion asserting a Johnson claim will be found timely only if it was filed on or before June 27, 2016. Under the prison mailbox rule, a "pro se prisoner's [filing] will be considered timely if given to prison official for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Houston v. Lack, 487 U.S. 266, 276 (1988). "An inmate can obtain the benefit of the prison mailbox rule in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid." Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005); see also Fed. R. App. P. 4(c).

The Court ordered defendant to show cause that his § 2255 motion was timely and he has filed a response (Dkt. # 1197) to Court's order, but he has made no attempt in his § 2255 motion or his response to show that he complied with the prison mailbox rule. Defendant's § 2255 motion is dated June 21, 2016, but the postmark on the envelope shows that it was sent by first-class mail on August 5, 2016. Dkt. # 1190, at 7. The § 2255 motion does not contain any statement that the motion was placed in the prison legal mail system nor has defendant submitted an affidavit that a legal mail system was unavailable at the prison. Defendant also has not provided a copy of the prison mail log showing that he actually placed his motion in the prison mail system on June 21, 2016, and he has not complied with the prison mailbox rule. However, the Court has reviewed defendant's § 2255 motion and finds that it is unnecessary to resolve the issue of timeliness, because defendant's § 2255 is facially meritless.[2]

Defendant argues that he "is serving an illegal sentence based on the Supreme Court ruling in Johnson," but there is no theory under which Johnson has any effect on defendant's sentence. The government had filed an enhancement information (Dkt. # 443) putting defendant on notice that he would be sentenced to life imprisonment if convicted under § 841, and it was the statutory mandatory minimum, rather than the sentencing guidelines, that caused defendant to receive a sentence of life imprisonment. Defendant was not charged with an offense under 18 U.S.C. § 922 and he was not sentenced as an armed career criminal, and his sentence was not enhanced under the ACCA. Defendant's advisory guideline range was increased because defendant was a career

---

[2] The order to show cause (Dkt. # 1193) did not expressly direct defendant to submit a copy of the prison mail log. This level of specificity in the order to show cause is not required by Tenth Circuit precedent, but it is possible that defendant could have been unclear about what he was required to present in his response to the order to cause. Thus, the Court will resolve his § 2255 motion on a ground other than the apparent untimeliness of the motion.

5

offender but, in this case, the increased advisory guideline range did not affect defendant's sentence. Even if the career offender enhancement had increased defendant's sentence, Johnson would still have no bearing on this case because the career offender enhancement would still apply. Defendant had three prior convictions that qualified as a crime of violence or a controlled substance offense, and two of the qualifying offenses were controlled substance offenses. The career offender enhancement applies if a defendant has two prior convictions that qualify as a crime of violence or a controlled substance offense, and defendant's two prior convictions for a controlled substance offense are enough by themselves for defendant to qualify as a career offender. Johnson could affect whether certain offenses constitute a crime of violence but Johnson has no impact on the definition of a controlled substance offense, and defendant would still qualify as a career offender even if Johnson is found to be retroactively applicable to the sentencing guidelines.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 1190) is **denied**. A separate judgment is entered herewith.

**DATED** this 1st day of September, 2016.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE