# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00-CR-0126-006-CVE |
| | ) | (17-CV-0243-CVE-mjx) |
| TIMOTHY JOHN VAUGHN, | ) | |
| a/k/a Terry White, | ) | |
| a/k/a Tone, | ) | |
| a/k/a Booty Green, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Vacate Count I (Dkt. # 1219).  Defendant

Timothy John Vaughn asks the Court to vacate his conviction for drug conspiracy or reduce his

sentence based on a decision by the United States District Court for the Eastern District of New

York.  See United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).[1] The Court has reviewed

defendant's motion and finds that it is not necessary for the government to file a response.

On April 6, 2001, Timothy John Vaughn and others were charged in a superseding

indictment with conspiracy to possess with intent to distribute and to distribute cocaine and

marijuana (count one). Dkt. # 8.  A second superseding indictment (Dkt. # 100) was returned adding

allegations that the conspiracy involved possession with intent to distribute and the distribution of

cocaine base (crack).  The government filed an enhancement information (Dkt. # 443) stating that

it intended to seek a statutory enhancement of defendant's sentence if he were convicted, and

---

[1]     In Holloway, the United States Attorney for the Eastern District of New York filed a motion asking the court to vacate two of the defendant's three convictions under 18 U.S.C. § 924(c), and the court re-sentenced defendant without the "stacked" § 924(c) convictions. However, the court did not suggest that it had the authority to reduce a defendant's sentence simply because the court believed that a sentence was too severe.

defendant was on notice that he would receive a mandatory life sentence if convicted. Vaughn exercised his right to a jury trial and was convicted. Dkt. ## 543, 546.

A presentence investigation report (PSR) was prepared and it noted that defendant had three prior convictions that qualified as crimes of violence or controlled substance offenses under United States Sentencing Guideline § 4B1.1. Two of the qualifying offenses were controlled substance offenses. Defendant's advisory guideline range was increased to 37 based on the career offender provision, but ultimately this had no effect on defendant's sentence. Defendant was subject to a mandatory life sentence because of the enhancement information filed by the government, even though his advisory guideline range was 360 months to life imprisonment. Defendant was sentenced to life imprisonment and defendant filed a notice of appeal challenging his conviction. On June 7, 2004, the Tenth Circuit Court of Appeals issued a decision denying defendant's appeal. Dkt. # 855. Defendant did not file a petition for writ of certiorari and his conviction became final on September 5, 2004.

On August 8, 2016, the Court received a § 2255 motion filed by defendant arguing that he was entitled to relief under the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015). The Court entered an opinion and order (Dkt. # 1198) denying defendant's § 2255 motion, and the Tenth Circuit denied defendant's request for a certificate of appealability. Dkt. # 1216.

Defendant again asks the Court to vacate his conviction or reduce his sentence, and he argues that he would receive a less severe sentence if he were re-sentenced under an advisory, rather than mandatory, guideline system. Dkt. # 1219. The Court finds that defendant's motion should be treated as a second or successive § 2255 motion, because he is challenging the validity of his

sentence and he has already filed a § 2255 motion that has been denied. This Court lacks

jurisdiction to consider a second or successive § 2255 motion, because defendant must request

permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h);

United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d

1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted

in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as
> a whole, would be sufficient to establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme

Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United

States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255

claim is filed in the district court without the required authorization from this court, the district court

may transfer the matter to this court if it determines it is in the interest of justice to do so under §

1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249,

1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the

Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of

justice include whether the claims would be time barred if filed anew in the proper forum, whether

the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on

the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."

Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost

3

absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds that there is no risk that defendant will be prevented from litigating a meritorious claim if his motion (Dkt. # 1219) is not transferred to the Tenth Circuit. Defendant has not raised a constitutional challenge to the validity of his sentence, and there is no likelihood that the Tenth Circuit would allow defendant to proceed with a second or successive § 2255 motion. Instead, defendant claims that he would likely receive a lower sentence if he were re-sentenced under an advisory guideline system. However, this Court does not have the inherent authority to modify a previously imposed sentence, and this Court may only re-sentence a defendant pursuant to statutory authorization. United States v. Mendoza, 118 F. 3d 707, 709 (10th Cir. 1997). Even if defendant would receive a lesser sentence, the Court lacks the authority to vacate or modify his sentence based on a perception that his sentence was unduly harsh or severe.[2] There is no reason to transfer defendant's motion (Dkt. # 1219) to the Tenth Circuit and his motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate Count I (Dkt. # 1219) is dismissed for lack of jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 3rd day of May, 2017.

_Claire V Eagl_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]     Defendant would receive the same sentence, regardless of the advisory nature of the guidelines, because defendant's life sentence was imposed pursuant to an enhancement information filed by the government.

4